THE PHILLIPSBURGH BANK *vs.* THE LACKAWANNA RAILROAD COMPANY.

An attachment will not lie against a foreign corporation owning property in this state, and transacting business here under legislative authority.

On motion to set aside an attachment.

Argued at February Term, 1858, before the CHIEF JUSTICE and Justices OGDEN and VREDENBURGH.

*Depue,* for the motion.

*F. T. Frelinghuysen* and *Shipman, contra.*

The opinion of the court was delivered by

The CHIEF JUSTICE.     Application is made to set aside the attachment issued in this cause, upon the ground that the writ was illegally issued, the defendants being a corporation *recognized by the laws of this state,* and therefore not liable to an attachment.     *Nix. Dig.* 39, § 43.

The defendants were not incorporated by the laws of this state.     They are a corporation created by the legislature of the State of Pennsylvania.     By an act of the legislature of this state, approved on the 14th of March, 1856, (*Pamph. Laws* 256) they were authorized to hold real estate in the counties of Essex, Hudson and Middlesex, not exceeding thirty acres in each of said counties, for the purpose of transacting and carrying on the business for which said company is incorporated.     Does this law *recog-*

The Phillipsburg Bank v. The Lackawanna Railroad Co.

*nize* the corporation, so as to exempt it from attachment under the laws of this state. It may be conceded that the mere recognition of the existence of a corporate body as a foreign corporation is not a recognition of the corporation within the meaning of the act. But the act of 1856 does much more than this. It authorizes them to hold lands within the state, for the purpose of transacting and carrying on the business for which they are incorporated. It not only recognizes their existence as a foreign corporation but it confers upon them the right to hold land; and, by necessary implication, the right, also, of transacting and carrying on within this state, to some extent at least, the business for which they are incorporated. A foreign corporation may, it is true, hold land, and transact business within the state, without the express legislative authority of the act, but they can only do so by the assent of the legislature, express or implied.

It was insisted, upon the argument, that the corporation is not *recognized* by the laws of this state within the meaning of the attachment act, unless it is fully invested with the right of exercising all its corporate powers and franchises within the state. On the other hand, it was elaborately argued that the act of 1856, by authorizing the defendants to hold land and transact business within this state, did, of necessity, constitute them a domestic corporation, as much so as if chartered by the laws of the state. But the legislature have clearly distinguished between the creation and the recognition of a corporation. The one refers clearly to a domestic corporation, having *its place* within this state, and subject, in all respects, to the control of its laws. The other refers to a foreign corporation, having its place within another state, deriving its being from, and subject to the control of the laws of such state, but recognized by the laws of this state, as having the power to exercise its franchises or to transact its business here.

The affidavit upon which the attachment issued states

that the defendants are a corporation not created or recognized by the laws of this state. But it is well settled that the affidavit does not conclude the rights of the defendants, and that its truth may be inquired into upon a motion to quash. *Branson* v. *Shinn*, 1 *Greenl.* 250 ; *City Bank* v. *Merritt*, 1 *Green* 131 ; *Shadduck* v. *Marsh*, 1 *Zab.* 434.

But admitting that the defendants are not a corporation recognized by the laws of this state, and are therefore liable to attachment as a foreign corporation, the writ of attachment was improvidently issued, because at the time of the issuing and serving of the writ the defendants had an office and a place of business within this state, and might have been sued by summons. It appears, by the evidence in the cause, that at the time of the service of the attachment the defendants owned property, and were carrying on business in this state under the sanction of our laws ; that they had an office and place of business at Elizabeth ; that the secretary of the company resided there; that the general superintendent also resided there, and that the president and treasurer of the company were frequently in the state attending to the business of the company. Under these circumstances, there could have been no difficulty in effecting the actual service of process of summons upon the defendants. The use of the attachment was therefore illegal. *Branson* v. *Shinn*, 1 *Green* 250 ; *City Bank* v. *Merritt*, 1 *Green* 131.

The attachment must be quashed.

CITED *in Kugler* v. *Shreve*, 4 *Dutch.* 134; *State* v. *Del.*, *Lack. & Western R. R. Co.*, 1 *Vr.* 477; *Perrine* ads. *Evans*, 6 *Vr.* 225.